101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Charles A. COLEMAN, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Jr., Postmaster General, United States
Postal Service, Defendant-Appellee.
 No. 95-6259.
 United States Court of Appeals, Second Circuit.
 April 10, 1996.
 
 Appearing for Appellant:Charles A. Coleman, pro se, Brooklyn, New York.
 Appearing for Appellee:Serene K. Nakano, Assistant United States Attorney, Southern District of New York, New York, New York.
 Present: OAKES, WINTER and CALABRESI, Circuit Judges.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 2
 Charles Coleman, a black male employed by the United States Postal Service, appeals from Judge Knapp's grant of summary judgment for the Postal Service and dismissal of Coleman's complaint. The complaint alleged that Coleman's supervisors disciplined him because of his race and his age, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. The complaint also alleged that Coleman's supervisors retaliated against him for previously filing complaints with the Equal Employment Opportunity Office of the Postal Service, in violation of 42 U.S.C. § 2000e-3(a), and 29 U.S.C. § 623(d).
 
 
 3
 Assuming, without deciding, that Coleman has made out a prima facie case of discrimination under McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), appellee has asserted legitimate non-discriminatory reasons for the disciplinary action: Coleman's failure to comply with an order directing him to attend a technical training course and Coleman's general insubordination. Appellant offers no evidence to rebut this assertion, and his complaint even acknowledges that he was disciplined because of his refusal to attend the training course. Because Coleman has failed even to allege that the reason proffered by the defendant is pretextual, his claim fails. See St. Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993) (to survive motion for summary judgment in discrimination case, plaintiff must demonstrate by preponderance of evidence that legitimate reason proffered by the defendant is pretext for discrimination).
 
 
 4
 Coleman's claim that he was disciplined in retaliation for filing discrimination charges is equally without merit. Coleman has not proffered any evidence that his supervisors--both of whom are black--were even aware of his prior EEO filings, let alone that there is a causal connection between the filings and the disciplinary action taken. See Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1039 (2d Cir.1993) (to prove retaliation plaintiff must demonstrate causal connection between the protected activity and the adverse employment action).
 
 
 5
 We therefore affirm.